**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

Ralph Page, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

Richland County Community Unit School District #1 aka RCCU #1,

Defendant.

Case No. 26-CV-166

PLAINTIFF DEMANDS JURY TRIAL

**PLAINTIFF'S ORIGINAL COMPLAINT**
**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTIONS**
**UNDER THE IMWL AND THE IWPCA**

**Now comes** Plaintiff Ralph Page ("Plaintiff"), individually and on behalf of themselves and all other similarly situated persons, known and unknown, by attorneys, James M. Dore and Daniel I. Schlade, and complains against Richland County Community Unit School District #1 aka RCCU #1 ("Defendant"). Plaintiff will serve as the representative plaintiff in the FLSA collective action and Rule 23 class actions; and in support thereof states as follows:

## I. INTRODUCTION

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Wage Payment and Collection Act (820 ILCS 115/1 et seq) ("IWPCA") and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq, ") for failure to pay minimum and/or overtime wages owed and for failure to pay earned wages.

2. Plaintiff and the employees he seeks to represent are current and former employees of Defendant who worked within the past three (3) years or past ten (10) years, depending on the

claim. Defendants knowingly, deliberately, and voluntarily failed to pay Plaintiff and similarly situated individuals with minimum and/or overtime wages for all hours worked in a workweek at the federal and state mandated minimum rate. Plaintiff and the employees he seeks to represent were hourly paid school bus drivers who customarily worked in excess of forty (40) hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of forty (40) hours per week.

3. This action is brought by Plaintiff to secure declaratory relief and damages to remedy Defendant's violations of federal, state, and local employment laws by failing to adequately compensate Plaintiff for the hours he worked, and to secure declaratory, compensatory, and punitive damages under federal and state employment laws.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337, and Section 16(b) of the FLSA.

5. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claims under the IMWL and the IWPCA form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving all state and federal claims in a single action serves the interests of judicial economy, convenience, and fairness to the parties.

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Southern District of Illinois because Plaintiff resides in this District, Defendants are located in and employed Plaintiff in this District, and the unlawful employment practices alleged herein giving rise to Plaintiff's claims occurred in this District.

## III. PARTIES

7. Plaintiff is a current resident of Illinois; he was employed by Defendant to work as a school bus driver in Illinois and is not exempt from the overtime wage provisions of the FLSA, IMWL, and IWPCA. Plaintiff's Consent to Join Collective Action and Class Action is attached as Exhibit A.

8. Plaintiff, individually, on behalf of themselves, and all others similarly situated ("FLSA Collective"), bring this action pursuant to the FLSA, 29 U.S.C. Section 216 (b); Plaintiff and the FLSA Collective, were, or are, employed by the Defendant, as school bus drivers, during the applicable statutory period.

9. Plaintiff and the FLSA Collective are current and former employees of the Defendant, within the meaning of the FLSA; they were employed by the Defendant within three years of the date the Complaint was filed.

10. Additionally, pursuant to Fed R. Civ. P. 23, Plaintiff brings this action on behalf of all persons who worked as School Bus Drivers for the Defendant, in Richland Count, at any time in the ten-year period prior to the filing of this Complaint (the "Rule 23 Class").

11. At all relevant times, Plaintiff and the proposed Class/Collective Members were "employees" of the Defendant as defined by 29 U.S.C. § 203(e), the IMWL, and the IWPCA; the Class/Collective Members do not fall into any of the exceptions or exemptions for workers under the FLSA, the IWPCA, the IMWL.

12. Defendant is a public agency employer located in the State of Illinois; it is responsible for the administration of public schools in Richland County.

13. At all relevant times, Defendant has been an "employer" as defined in the FLSA, IMWL and the IWPCA.

14. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff was hired to work as a substitute school bus driver for Defendant in or about 2014. On or about January 15, 2015, Plaintiff was promoted as full time school bus driver.

16. Upon information and belief, for the 2025–2026 school year, Defendant operates four public schools serving approximately 2,182 students.

17. Plaintiff was paid hourly at different rates depending on route type. Defendant compensated Plaintiff at one hourly rate for what Defendant labeled his "regular" morning and afternoon routes transporting students to and from school. Plaintiff was paid at different hourly rates for (1) sports and extracurricular trips and tutoring routes for special education students and (2) substitute driving assignments covering other drivers' routes.

18. Plaintiff was assigned a morning bus route transporting students from their homes to Defendant's schools. Plaintiff was further assigned an afternoon bus route during which he transported students from Defendant's schools to their residences. The morning and afternoon routes together comprised Plaintiff's "regular" working hours.

19. In addition to his regular routes, Defendant assigned Plaintiff additional transportation duties, including transporting students to athletic events, transporting special education students to schools in other counties such as Willow Hill's Fresh Start, Clay City and North Clay, and covering the routes of other bus drivers when they were absent.

20. Defendant compensated these additional assignments separately and at different hourly rates.

21. Defendant failed to combine hours across rates for the purposes of calculating Plaintiff's proper overtime rate.

22. Defendant failed to calculate a blended regular rate as required to calculate the proper overtime rate.

23. Despite all such work being performed for the same employer during the same workweeks, Defendant maintained a policy and practice of failing to combine all hours worked for purposes of calculating overtime. Instead, Defendant treated the hours worked in different categories of bus driving as separate, thereby artificially keeping Plaintiff's recorded hours below forty (40) hours per week avoiding payment of overtime compensation.

24. As a result of this policy, Plaintiff regularly worked more than forty (40) hours in a workweek when all compensable work time is aggregated, but Defendant failed to pay him overtime compensation at one and one-half times his regular rate of pay for those overtime hours.

25. In or about November 2025, Defendant held a meeting with drivers, including Plaintiff, led by Ryland Rush, Defendant's Head of Transportation. During that meeting, drivers were informed that hours worked on sports trips and substitute assignments would be counted toward overtime going forward.

26. Following that meeting, Plaintiff continued to work overtime hours. However, Plaintiff experienced recurring pay errors in which his overtime hours were still not properly paid.

27. Plaintiff complained to Jamey Hill, Defendant's Head of Payroll, regarding these paycheck discrepancies. Ms. Hill admitted that Plaintiff's paychecks contained errors and stated that payroll would be reviewed. Despite this acknowledgment, Defendant continued its failure to improperly compensate Plaintiff and informed him that overtime compensation would not be paid.

**Collective Action Allegations**

28. Plaintiff brings the FLSA count as a Collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former individuals who were, or are employed by the Defendant, as school bus drivers who were not paid minimum wages and/or time-and-a-half for overtime hours (hours over 40 in each workweek) worked within three (3) years from the commencement of this action up to the present (the "FLSA Collective").

29. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), the FLSA count may be brought as an "opt-in" collective action because the FLSA Collective's claims are similar to the claims of the Plaintiff's claims under the FLSA.

30. Plaintiff is similarly situated to the FLSA Collective with regard to job duties. Plaintiff and the FLSA Collective were all subject to Defendant's common practices, policies, and/or pay structure that failed to pay employees minimum and/or overtime wages in violation the FLSA.

31. The names and addresses of the FLSA Collective are available from Defendant. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or using techniques and a form of notice similar to those customarily used in representative actions.

**Class Action Allegations**

32. Plaintiff brings the state law counts as class actions pursuant to F.R.C.P. 23.

33. Plaintiff will seek to certify as class actions all counts alleged herein under the IWPCA, and the IMWL. Plaintiff will ask this Honorable Court to determine the rights of the parties and to direct the Defendant to account for all hours worked and wages paid to the Class Members during the temporality of the Class.

34. Defendant, as a matter of policy, practice, and procedure, and in violation of the IWPCA and the IMWL, intentionally, knowingly, and willfully refused to pay all compensation

owed to the Plaintiff and the Class Members for their hours worked.

35. Upon information and belief, there are more than 40 Class Members for the proposed class in the state law claims. The members of the Class are so numerous that joinder of all members is impractical.

36. Plaintiff's claims are typical of the claims of the members of the Class because: (a) they were workers who were not paid their minimum wages; b) they did not receive at least time-and-a-half for overtime hours (hours over 40 in each workweek) worked; and c) they were not paid for all hours worked.

37. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

38. Plaintiff brings the state law claims as a class action because:

A. The Class of current and former employees of Defendant that Plaintiff seeks to represent are so numerous and, on information and belief exceeds 40 individuals, that joinder of all class members is impracticable.

B. Plaintiff and the Class have been similarly affected by Defendant's failure to pay proper wages, in violation of Illinois state law.

C. Furthermore, there are Class members still employed by Defendant, and they may be reluctant to raise individual claims for fear of retaliation.

D. There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members, rendering a class action as superior to other available methods for fairly and efficiently adjudicating the controversy. These common questions of law and fact include, without limitation, whether:

i. Defendant failed to pay Plaintiff and the Class properly for all hours worked, including those hours over 40 in a week;

ii. Defendant asserted control over Plaintiff and the Class Members' work;

iii. Defendant paid all wages earned under the IWPCA to Plaintiff and the Class Members;

iv. Defendant calculated the proper rate for any overtime compensation actually paid;

v. Defendant maintained improper payment policies with regard to school bus drivers.

E. Plaintiff suffered the same or similar injury as the Class arising out of the same conduct by Defendant, and the claims of the class representative are typical of the claims of the Class, to wit: Defendant failed to pay Plaintiff and the Class properly for hours worked.

F. Plaintiff and the Class have a commonality of interest in the subject matter and remedies sought.

G. Plaintiff can fairly and adequately represent and protect the interests of the class, because he is a member of the putative class, and he has the same or similar injury as other members of the class, to wit, the failure to receive proper wages for all hours worked for Defendant.

H. If individual actions were required to be brought by each class member injured or affected, the result would be a multiplicity of actions, creating a hardship to the class members, this Honorable Court, and Defendant. Accordingly, a class action is necessary for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the classes are entitled.

I. Defendant's books and records are material to Plaintiff's and the Classes' actions because they may disclose certain information about the hours worked by each employee, the rate of pay for that work, the total amounts paid to each employee.

39. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Class Members are readily identifiable from Defendant's employee rosters, bank records, and/or payroll records.

40. Defendant's actions are generally applicable to the Class. Prosecution of separate actions by individual members of each Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

41. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them financially or practically to maintain separate suits against Defendant.

**Count I - Violations of the FLSA – Collective Action**

42. Plaintiff realleges and incorporates Paragraphs 1-31 as if set forth herein.

43. Plaintiff brings this claim individually and on behalf of a Collective; the Collective consists of all persons who worked for Defendant as school bus drivers throughout Illinois during the previous three years prior to this filing. Plaintiff has consented to the Collective Action. Ex. A.

44. Defendant directed Plaintiff to work, and did so work, in excess of forty (40) hours per week.

45. All persons who worked for Defendant as School Bus Drivers throughout Illinois were directed by Defendant to work, and did so work, in excess of forty (40) hours per week.

46. All persons who are employed by Defendant as school bus drivers are compensated for time worked in a manner similar to Plaintiff.

47. Defendant knowingly, willfully, and intentionally failed to compensate Plaintiff and the Collective all wages due and owed under the FLSA.

48. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Collective were entitled to be paid one and one-half times their regular rates of pay.

49. Defendant violated the FLSA by failing to compensate Plaintiff and the Collective the FLSA's required overtime wages with respect to the amount of work actually performed over 40 hours per week.

50. Defendant's failure to properly pay overtime wages to Plaintiff and the Collective was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff seeks to certify this count as a collective action and asks the Court to determine the rights of the Collective pursuant to the FLSA, determine any damages due, and to direct Defendant to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the Collective.

**WHEREFORE**, Plaintiff respectfully, on behalf of themselves and all proposed members of the Collective, prays for relief as follows:

a. Designation of this action as a Collective action on behalf of the proposed members of the FLSA representative action

b. Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

c. A declaration that Defendant violated the FLSA;

d. Judgments in favor of the Plaintiff and each opt-in member of the Collective for amounts owed, including all wages and liquidated damages, prejudgment interest, and any penalties;

e. An award reasonable attorneys' fees and costs; and

f. Any such additional or alternative relief as this Court deems just and proper.

**Count II - Violations of IMWL – Class Action**

52. Plaintiff realleges and incorporates Paragraphs 1-27 and 32-41 as if set forth herein.

53. This count arises from Defendant's violations of the IMWL, by failing to pay Plaintiff and the Class the Illinois-mandated minimum wage for all the hours worked and/or overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

54. The Class consists of all persons who worked for Defendant in Illinois as school bus drivers during the prior three years before the filing of this Complaint.

55. Defendant directed Plaintiff and the Class to work as employees, but they were not compensated the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours per week

56. Plaintiff and the Class were entitled to be paid not less than the Illinois-mandated minimum wage for all hours worked in individual work weeks, including time-and-one-half pay for all hours worked in excess of forty (40) hours per week.

57. Defendant's failure to pay Plaintiff and the Class the Illinois-mandated time-and-one-half pay for all hours worked in excess of forty (40) hours per week is a violation of the IMWL.

58. Pursuant to 820 ILCS 105/12(a), Plaintiff and the Class are entitled to recover unpaid minimum wages and/or overtime wages for all hours worked in excess of forty (40) hours per week for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

**WHEREFORE**, Plaintiff and the Class of other similarly situated persons respectfully requests that the Court:

a. Determine that this action may be maintained as a class action pursuant to F.R.C.P. 23;

b. Enter a judgment for all unpaid overtime worked by Plaintiff and the Class for hours worked in which they were not paid the legally required minimum wage and for hours in excess of forty hours per week for the three years preceding the filing of this lawsuit;

c. Award Statutory damages for Plaintiff and the Class, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

d. Declare that Defendant violated the IMWL;

e. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

f. Grant such additional or alternative relief as this Honorable Court deems just and proper.

**<u>Count III- Violations of the IWPCA – Class Action</u>**

59. Plaintiff realleges and incorporates Paragraphs 1-27 and 32-41 as if set forth herein.

60. This count arises from Defendant's violation of the IWPCA, by failing to pay Plaintiff and the Class all wages earned.

61. The Class consists of all persons who worked for Defendant in Illinois as School Bus Drivers during the prior ten years before the filing of this Complaint.

62. Plaintiff and the Class worked for Defendant pursuant to employment agreements or contracts wherein they would provide their labor for Defendant and, in consideration of the same, Defendant would remit to them wages for their hours worked.

63. The IWPCA and its code provisions regulate employee-employer relationships in Illinois; they set minimum standards for how and when employees are to be compensated.

64. Defendant is an employer within the meaning of the IWPCA.

65. The IWPCA provides, in relevant part:

"Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period."

820 ILCS 115/3.

"All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

820 ILCS 115/4.

66. Defendants violated the IWPCA by failing to pay Plaintiff and the Class all wages they earned at least semi-monthly.

67. Defendant violated the IWPCA by failing to pay Plaintiff and the Class all wages they earned not later than 7 days after the end of the weekly pay period in which the wages were earned.

68. Defendant is liable to the Plaintiff and the Class for all wages earned, but not paid, plus 5% per month statutory penalties, and attorney's fees and costs, pursuant to Section 115/14 of the IWPCA.

69. Defendant knowingly and willfully violated the IWPCA, by failing to remit earned compensation to Plaintiff and the Class.

**WHEREFORE** Plaintiff, on behalf of himself and the Class, respectfully requests that this Court enter an Order:

a. Certifying the Class of other employees so situated as Plaintiff, appointing Plaintiff as class representative, and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violated IWPCA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the IWPCA;

d. Awarding unpaid wages due to the Plaintiff and the Class, to be determined at trial or otherwise;

e. Awarding 5% monthly statutory penalties on all amounts found due under the IWPCA, accruing from the date such amounts became due through the date of judgment;

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses;

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

**JURY TRIAL DEMAND FOR ALL COUNTS**

/s/ James M. Dore

**Dore Law Offices LLC**
James M. Dore (ARDC# 6296265)
Daniel I. Schlade (ARDC No. 6273008)
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: james@dorelawoffices.com